**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RICHARD SCARANTINO, Individually and On Behalf of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) | Case No. _____ |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| REIS, INC., THOMAS J. CLARKE, JR., ) JONATHAN GARFIELD, LLOYD ) LYNFORD, M. CHRISTIAN MITCHELL, ) BYRON C. VIELEHR, MOODY'S ) CORPORATION, and MOODY'S ) ANALYTICS MARYLAND CORP., ) ) | CLASS ACTION |
| Defendants. ) | |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1.      This action stems from a proposed transaction announced on August 30, 2018 (the "Proposed Transaction"), pursuant to which Reis, Inc. ("Reis" or the "Company") will be acquired by Moody's Corporation ("Parent") and Moody's Analytics Maryland Corp. ("Merger Sub," and together with Parent, "Moody's").

2.      On August 29, 2018, Reis's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Moody's.   Pursuant to the terms of the Merger Agreement, Moody's commenced a tender offer, set to expire on October 12, 2018, and shareholders of Reis will receive $23.00 in cash for each share of Reis common stock.

3.     On September 13, 2018, defendants filed a Solicitation/Recommendation Statement (the "Solicitation Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.     The Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Solicitation Statement.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the 1934 Act and Rule 14a-9.

6.     This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.     Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Reis common stock.

9.     Defendant Reis is a Maryland corporation and maintains its principal executive offices at 1185 Avenue of the Americas, New York, New York 10036.  Reis's common stock is traded on the NasdaqGS under the ticker symbol "REIS."

10.    Defendant Thomas J. Clarke, Jr. ("Clarke") is a director of the Company.

11.    Defendant Jonathan Garfield ("Garfield") is a director of the Company.

12.    Defendant Lloyd Lynford ("Lynford") is President, Chief Executive Officer ("CEO"), and a director of the Company.

13.    Defendant M. Christian Mitchell ("Mitchell") is a director of the Company.

14.    Defendant Byron C. Vielehr ("Vielehr") is a director of the Company.

15.    The defendants identified in paragraphs 10 through 14 are collectively referred to herein as the "Individual Defendants."

16.    Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

17.    Defendant Merger Sub is a Maryland corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

18.    Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Reis (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

19.    This action is properly maintainable as a class action.

20.    The Class is so numerous that joinder of all members is impracticable.  As of August 24, 2018, there were approximately 11,569,699 shares of Reis common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

21.    Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

22.    Plaintiff is committed to prosecuting this action and has retained competent counsel

experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

23.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

24.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

25.     Reis provides commercial real estate ("CRE") market information and analytical tools to real estate professionals.

26.     Reis maintains a proprietary database of information on all commercial properties in metropolitan markets and neighborhoods throughout the United States.  This information is used by CRE investors, lenders, and other professionals to make informed buying, selling, and financing decisions.

27.     In addition, Reis data is used by debt and equity investors to assess, quantify, and manage the risks of default and loss associated with individual mortgages, properties, portfolios, and real estate backed securities.

28.    Reis currently provides its information services to many of the nation's leading lending institutions, equity investors, brokers, and appraisers.

29.    On August 29, 2018, the Individual Defendants caused the Company to enter into the Merger Agreement.

30.    Pursuant to the terms of the Merger Agreement, the Company's stockholders will receive $23.00 per share in cash.

31.    According to the press release announcing the Proposed Transaction:

Moody's Corporation (NYSE:MCO) and Reis, Inc. (NASDAQ:REIS) announced today that they have entered into a definitive merger agreement for Moody's to acquire all outstanding shares of Reis in an all-cash transaction valued at approximately $278 million. The transaction has been approved by the Boards of Directors of both companies.

Reis is a leading provider of U.S. commercial real estate (CRE) data. Over nearly 40 years, Reis has compiled a rich archive of detailed information on some 18 million properties nationwide. Providing analysis and forecasts covering 275 metropolitan markets and 7,700 submarkets, Reis has become the data set of choice for CRE professionals, including property developers, managers, investors, lenders and brokers. . . .

Under the terms of the merger agreement, Moody's will commence a tender offer to acquire all issued and outstanding shares of Reis common stock for $23.00 per share in cash. The transaction is subject to customary closing conditions and regulatory approvals, including the tender of a majority of the issued and outstanding shares of Reis common stock and clearance under the Hart-Scott-Rodino Antitrust Improvements Act. Moody's has also entered into tender and support agreements with certain Reis management stockholders under which they have committed to accept the tender offer and to tender all of their Reis shares, which represent approximately 18% of Reis's issued and outstanding shares.

Following completion of the tender offer, Moody's will acquire all remaining shares of Reis at the same price of $23.00 per share through a second-step merger and Reis will become a wholly-owned subsidiary of Moody's. The closing of the transaction is expected to take place in the fourth quarter of 2018.

The transaction will be funded through a combination of cash on hand and commercial paper. Moody's expects the acquisition of Reis to be accretive to earnings per share on a GAAP basis in 2020. On an adjusted EPS basis, which excludes purchase price amortization, the transaction will be accretive in 2019.

Moody's continues to expect share repurchases for 2018 to be approximately $200 million, subject to available cash, market conditions and other capital allocation decisions.

Skadden, Arps, Slate, Meagher & Flom LLP is acting as legal counsel to Moody's. Fried Frank Harris Shriver & Jacobson LLP is acting as legal counsel to Reis and Canaccord Genuity is serving as financial advisor to Reis.

***The Solicitation Statement Omits Material Information, Rendering It False and Misleading***

32.    Defendants filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.  As set forth below, the Solicitation Statement omits material information with respect to the Proposed Transaction.

33.    The Solicitation Statement omits material information regarding the Company's financial projections and the opinion provided by the Company's financial advisor in connection with the Proposed Transaction, Canaccord Genuity ("Canaccord").

34.    With respect to the Company's financial projections, the Solicitation Statement fails to disclose all line items used to calculate Adjusted EBITDA.

35.    With respect to Canaccord's Discounted Cash Flow Analysis, the Solicitation Statement fails to disclose: (i) the terminal value of the Company; (ii) the inputs and assumptions underlying the discount rate range of 11.0%-13.0% and the perpetual growth rate range of 2.0%-4.0%; and (iii) the number of fully-diluted shares of common stock outstanding.

36.    With respect to Canaccord's Selected Public Companies Analysis, the Solicitation Statement fails to disclose the number of fully-diluted shares of Company common stock outstanding.

37.    With respect to Canaccord's Selected Precedent Transactions Analysis, the Solicitation Statement fails to disclose: (i) the total values of the selected transactions; and (ii) the number of fully-diluted shares of Company common stock outstanding.

38.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.  Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

39.     The Solicitation Statement also omits material information regarding potential conflicts of interest of the Company's officers and directors.

40.     Specifically, the Solicitation Statement fails to disclose the timing and nature of all communications regarding future employment and directorship of the Company's officers and directors, including who participated in all such communications.

41.     Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders.  This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

42.     The omission of the above-referenced material information renders the Solicitation Statement false and misleading, including, *inter alia*, the following sections of the Solicitation Statement: The Solicitation or Recommendation

43.     The omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### (Claim for Violation of Section 14(e) of the 1934 Act Against Defendants)

44.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

45.     Section 14(e) of the 1934 Act states, in relevant part, that:

It shall be unlawful for any person to make any untrue statement of a material fact
or omit to state any material fact necessary in order to make the statements made,
in the light of the circumstances under which they are made, not misleading . . . in
connection with any tender offer or request or invitation for tenders[.]

46.     Defendants disseminated the misleading Solicitation Statement, which contained
statements that, in violation of Section 14(e) of the 1934 Act, in light of the circumstances under
which they were made, omitted to state material facts necessary to make the statements therein not
misleading.

47.     The Solicitation Statement was prepared, reviewed, and/or disseminated by
defendants.

48.     The Solicitation Statement misrepresented and/or omitted material facts in
connection with the Proposed Transaction as set forth above.

49.     By virtue of their positions within the Company and/or roles in the process and the
preparation of the Solicitation Statement, defendants were aware of this information and their duty
to disclose this information in the Solicitation Statement.

50.     The omissions in the Solicitation Statement are material in that a reasonable
shareholder will consider them important in deciding whether to tender their shares in connection
with the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate
disclosure as significantly altering the total mix of information made available.

51.     Defendants knowingly or with deliberate recklessness omitted the material
information identified above in the Solicitation Statement, causing statements therein to be

materially incomplete and misleading.

52.     By reason of the foregoing, defendants violated Section 14(e) of the 1934 Act.

53.     Because of the false and misleading statements in the Solicitation Statement, plaintiff and the Class are threatened with irreparable harm.

54.     Plaintiff and the Class have no adequate remedy at law.

## COUNT II

**(Claim for Violation of 14(d) of the 1934 Act Against Defendants)**

55.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

56.     Section 14(d)(4) of the 1934 Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

57.     Rule 14d-9(d) states, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

58.     The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Solicitation Statement false and/or misleading.

59.     Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and

misleading.

60.     The omissions in the Solicitation Statement are material to plaintiff and the Class, and they will be deprived of their entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the tender offer.

61.     Plaintiff and the Class have no adequate remedy at law.

### COUNT III

**(Claim for Violation of Section 20(a) of the 1934 Act
Against the Individual Defendants and Moody's)**

62.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

63.     The Individual Defendants and Moody's acted as controlling persons of Reis within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of Reis and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

64.     Each of the Individual Defendants and Reis was provided with or had unlimited access to copies of the Solicitation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

65.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged

herein, and exercised the same.    The Solicitation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly connected with and involved in the making of the Solicitation Statement.

66.    Moody's also had direct supervisory control over the composition of the Solicitation Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Solicitation Statement.

67.    By virtue of the foregoing, the Individual Defendants and Moody's violated Section 20(a) of the 1934 Act.

68.    As set forth above, the Individual Defendants and Moody's had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.

69.    As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

70.    Plaintiff and the Class have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment and relief as follows:

A.    Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.    Directing the Individual Defendants to file a Solicitation Statement that does not

contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated:  September 25, 2018

RIGRODSKY & LONG, P.A.

By:   */s/ Timothy J. MacFall*
        Timothy J. MacFall (TM-8634)
        825 East Gate Boulevard, Suite 300
        Garden City, NY 11530
        (516) 683-3516

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
(484) 324-6800

Gina M. Serra
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
(302) 295-5310

*Attorneys for Plaintiff*